IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

RICHARD JAMES JOHNSON, §
§
§
Petitioner, §
§
v. § 2:14-CV-00028
§
§
WILLIAM STEPHENS, §
Director, Texas Dep't of Criminal Justice, §
Correctional Institutions Division, §
§
§
Respondent. §

### REPORT AND RECOMMENDATION TO
### DENY PETITION FOR WRIT OF HABEAS CORPUS

In this habeas corpus proceeding, petitioner RICHARD JAMES JOHNSON challenges a prison disciplinary proceeding that took place at the Clements Unit in Potter County, Texas. For the following reasons, it is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas application should be DENIED.

### I.
### PROCEEDINGS

Petitioner challenges a prison disciplinary conviction. Petitioner is presently incarcerated pursuant to (1) a 2000 conviction for burglary of a habitation out of Angelina County, Texas, Cause Number 21,459, in which petitioner was assessed thirty years imprisonment, and (2) a 2000 conviction of escape, Cause Number 21,712, in which petitioner was assessed a ninety-nine year term of imprisonment. On January 23, 2014, petitioner was found guilty in disciplinary cause number

20140141331 of being present in an area in which he was not authorized to be. The disciplinary proceeding took place at the Clements Unit in Potter County, Texas. As of the date the instant habeas petition was filed, petitioner remained incarcerated in the Clements Unit. As punishment, petitioner lost (1) forty-five days of commissary and recreation privileges; (2) forty-five days of property restriction; (3) a line-class hold at L3; and (4) a loss of thirty days of good-time credit.

Petitioner has requested the Court overturn his disciplinary case and another related disciplinary case received the same day. Petitioner presents three issues: (1) due process was violated because petitioner was not allowed to attend the hearing; (2) no evidence supported the decision; and (3) evidence was suppressed by not allowing him to attend the hearing. Pet. for Writ of Habeas Corpus by Person in State Custody, ECF No. 3, at 7.

For the reasons stated below, the Court find petitioner's allegations do not rise to the level of constitutional violations, and the undersigned United States Magistrate Judge recommends the petition be DENIED.

## II.
## MERITS

Prisoners "may not be deprived of life, liberty, or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L. Ed. 2d 935 (1974). If a prisoner contends he has been deprived of his liberty without due process of law, he may seek relief in federal court via a habeas corpus petition. *Wolff*, 418 at 557, 94 S. Ct. at 2975.

When the State of Texas created a right to good-time credit and recognized that its revocation is an authorized sanction for misconduct, "a prisoner's interest therein became embraced within the Fourteenth Amendment's liberty concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that

this state-created right is not arbitrarily abrogated." *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Because federal habeas corpus is meant to redress the violation of a liberty interest, when a habeas claim is brought in the context of a challenge to a prison disciplinary proceeding, the petitioner must, at a minimum, be eligible for mandatory supervised release and must have received a punishment sanction which included a forfeiture of previously accrued good-time credits. *Id.* Otherwise, no liberty interests are implicated and any claims brought in habeas corpus are not cognizable.

The practical consequence of this rule is that a prisoner may not challenge in federal habeas corpus the loss of recreation or commissary privileges. *Sandin v. Conner*, 515 U.S. 474, 486, 115 S. Ct. 2293, 2301, 132 L. Ed. 2d 418 (1995); *Madison v. Parker*, 104 F.3d 765, 765 (5th Cir. 1997). He may not challenge his confinement to administrative segregation. *Sandin*, 515 U.S. at 473. He may not challenge a change in his time-earning status, as the Fifth Circuit has specifically held, "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [petitioner's] custodial status. Yet, such speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Consequently, petitioner JOHNSON may only challenge the 30-day forfeiture of accrued good time.

I.

DUE PROCESS

Petitioner Johnson has alleged that he was denied due process because he was not allowed to attend the hearing. In his answer, respondent has set forth the appropriate due process standards disciplinary proceedings are required to comport with under the United States Constitution and as set

forth in *Sandin*, 515 U.S. 472 and *Wolff*, 418 U.S. 539. It is not necessary to repeat these well-established standards.

With regard to his claim, the undersigned notes petitioner did not have an absolute right to attend the disciplinary hearing. *Moody v. Miller*, 864 F.2d 1178, 1180 (5th Cir. 1989). Disciplinary hearings heard in absentia do not violate due process when the absence is not the fault of the government. *Id.* "Due process requires only that the government operate under procedures that give a person a fair opportunity to ensure that the governmental decision . . . is just . . . ." *Id.* at 1181.

Petitioner asserts he was not allowed to attend the hearing and points to the hearing report's handwritten note stating, "Weekend/ Holidays [Defendant] refused to attend." Disciplinary Hearing Record (DHR) at 3, Pet., ECF No. 3 at 6. In his petition, he asserts that January 23, 2014, the date of the hearing, was a Thursday, not a weekend or holiday and that no one can say he refused to attend the hearing because "Yes" is circled on the report, indicating his desire to attend. *Id.* In its answer, the government responds that the "weekend/holidays" notation was in regard to question (7) on the hearing report requesting explanation, "If hearing was not held within seven days, excluding weekends and holidays, from the offense date, which had nothing to do with his lack for attendance." Resp.'s Answer with Br. in Supp., ECF No. 10, at 14. The government explains that the next notation, "[Defendant] refused to attend" explains why he was not at the hearing. *Id.*

Petitioner offers no evidence in support of his claim that he was not allowed to attend, other than his own statements in the pleadings he has submitted to this Court. The government submitted an affidavit from Wilbur Lee Kemph, Captain of Corrections, stating:

> On January 23, 2014, at approximately 1110 hrs. I requested for Offender Johnson to be present at his Disciplinary Hearing. When the staff members went to escort him out of his cell to the Disciplinary Office, he refused to attend. I cannot

make the Offender go to the hearing if he does not want to attend. I am documenting that the offender did not want to attend the hearing but was able if he wanted. Nor myself or my staff denied him of his right, he voluntarily refused.

When the offender refuses to attend the hearing, the hearing proceeds in the same fashion described above with the counsel substitute acting in the best interest of the accused. When the hearing concludes, the accused offender is provided with all of the same documentation he would have received if he had attended the hearing.

I had two separate disciplinaries for Offender Johnson and was going to hear them on the same date but he refused to attend both of them.

Resp.'s Answer, Ex. B. at 2.

In addition, the Disciplinary Hearing Officer made contemporaneous findings about petitioner's refusal to attend. DHR 1–2, Disciplinary Hearing Audio. The substitute counsel and staff members' statements that petitioner refused to attend the hearing was evidence which supported those findings. *Id.*, Resp.'s Answer, Ex. B.

The law does not require that petitioner attend the disciplinary hearing, only that he had an opportunity to do so. *See Moody*, 864 F.2d at 1181. Further, no other requirements of due process were violated. Petitioner was given notice more than 24 hours prior to the hearing, informed of his right to present evidence and call witnesses on his behalf, his prior statement regarding why he was out of place was considered at the hearing, and he was given the report after the hearing concluded. The government provided petitioner all that due process required, and petitioner's claim should be denied.

II..

NO EVIDENCE

Disciplinary determinations "will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). The federal court's role on review is only to "examine if the guilty finding has 'support of some facts' or 'any evidence at all.'" *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001).

Petitioner next claims no evidence supported the decision because the charging officer's shift ended at 5:20 p.m. and he would be at home in bed by 6:45 p.m., when the alleged offense took place. Pet., at 6. Petitioner's argument seems to rely on the typed notations at the top of the hearing and investigation reports, where it says the incident occurred at 6:45, which appears to be a clerical error. The actual offense report, filled in by hand by the charging officer, lists the time as 3:45 p.m. on January 14, 2014. DHR, at 5. Approximately thirty minutes later on the day of the offense, TDCJ completed their preliminary investigation report on the matter, and petitioner admitted he was out of place. DHR, at 9. Then on January 22, 2014, Counsel Substitute Martin completed the Service Investigation Work Sheet and interviewed both petitioner and the accusing officer. *Id.* at 7–8. Petitioner stated, "I was disconcerted [and] dizzy from my medication." The DHO decision of guilty was supported by the charging officer's report and testimony, and two different forms containing statements made by defendant. During the investigation, petitioner never stated he was not out of place. Instead, he claimed he was out of place because he was disconcerted and dizzy from his medication.

The record contains the charging officer's report and testimony as well as petitioner's statements all of which do not refute he was out of place. The Court is limited to determining whether there is "any evidence at all" supporting the determination of guilt. *Id.* In this case, there

was some evidence indicating petitioner was guilty. Petitioner's stated excuse as to why he was out of place was not found to be credible by the DHO. This ground of error is without merit and should be denied.

### III.
### SUPPRESSION OF THE EVIDENCE

Petitioner next asserts that by denying him his right to attend the hearing, TDCJ suppressed the evidence he wanted to present. Pet. at 7. He states there is a video from the monitor that would show he was not out of place at 6:45. *Id.*

The government first argues that this claim is procedurally barred because petitioner failed to exhaust his administrative and state-court remedies. Resp.'s Answer with Br. in Supp., at 7–10. While there may be some merit to the argument that a failure to exhaust his administrative remedies through the grievance process may procedurally bar this claim from review, this Court has reviewed the claim and finds it is substantively without merit.

Petitioner frames his issue as a suppression of evidence, but it is more an issue of him claiming exculpatory evidence in the form of a video recording was not turned over to him. As discussed in Part I, evidence supported the Disciplinary Hearing Officer's finding that petitioner refused to attend the hearing. Even if petitioner had not refused, there is no evidence that the DHO believed that he had not been allowed to attend or refused to consider any evidence as a result of petitioner not being in attendance. Further, petitioner has made no showing that he was prejudiced because he did not attend. He has shown no evidence or testimony that he could have presented that would have changed the result. Petitioner states the alleged video would have shown he was not out of place at 6:45, but as discussed in Issue 2, the time of the incident was at 3:45, not 6:45.

Petitioner has failed to show that any evidence was suppressed or any exculpatory evidence

was not provided. Accordingly, this ground for error fails.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner RICHARD JAMES JOHNSON be DENIED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___23rd___ day of February, 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).